UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL FIORITO, | No. 2:24-cv-0990 CKD P |
| Plaintiff, | |
| v. | ORDER AND |
| UNITED STATES OF AMERICA., | FINDINGS AND RECOMMENDATIONS |
| Defendant. | |

Plaintiff Michael Fiorito, a former federal prisoner, proceeds pro se[1] with a civil complaint against the United States of America. (ECF No. 1.) Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis (ECF No. 7) is granted. For the reasons set forth below, plaintiff's complaint states a claim under the Federal Tort Claims Act. However, the court lacks jurisdiction to grant injunctive relief in connection with this claim. Accordingly, plaintiff's motion for injunctive relief (ECF No. 5) should be denied.

**I.     Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In

---

[1] Because plaintiff proceeds pro se, this case is referred to the undersigned by Local Rule 302. See 28 U.S.C. § 636(b)(1).

1

addition, pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## II.  Allegations in the Complaint

Plaintiff suffers from severe pain and other difficulties due to loss of cartilage in the left hip. (ECF No. 1 at 2.) He alleges the sole defendant, the United States of America, "refus[ed] to treat his serious, ongoing, known, left hip damage" while plaintiff was imprisoned at FCI-Herlong. (Id. at 1.) In particular, Dr. Allred and Health Services Administrators, including Ms. Berry, were made aware of this issue and "ignored all of his requests and pleas." (Id.) On or about November 10, 2022, plaintiff stopped Dr. Allred on the sidewalk and pleaded with him to schedule a visit due to plaintiff's severe pain. (Id. at 3.) Dr. Allred stated he did not have time for plaintiff. (Id. at 3.) In addition, plaintiff told Ms. Berry about his high pain level on three dates in 2023. (Id.) Plaintiff's medical file is "full of references detailing his severe left hip problems" from doctors and medical staff at other BOP facilities. (Id.) As a result of defendant's refusal to treat plaintiff's left hip, plaintiff's left knee deteriorated significantly, and plaintiff suffered severe emotional distress. (Id. at 3-4.)

Plaintiff filed tort claims on the issues raised in the complaint in October of 2022. (ECF No. 1 at 4.) Plaintiff received a letter denying his claim from the BOP's Northwest Regional Office in September of 2023. (Id.) Plaintiff now seeks damages and injunctive relief. (Id. at 5.)

## III.  Discussion

### A.  No Bivens Claims

In a prior order, the court stated plaintiff filed this action under Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). (See ECF No. 3 at 1.) Plaintiff filed a motion requesting to correct the record to reflect that this case is not filed under Bivens, and, instead, plaintiff seeks relief under the FTCA.[2] (ECF No. 6 at 1.) Plaintiff's request is granted.

---

[2] The court also notes the sole named defendant is the United States of America, and Bivens claims against the United States of America are barred by sovereign immunity. See Consejo de

### B. FTCA Claim

"[T]he district courts... have exclusive jurisdiction of civil actions on claims against the United States, for money damages... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). The Federal Tort Claims Act ("FTCA") waives sovereign immunity for such suits against the United States sounding in tort. 28 U.S.C. § 2674.

Construing the allegations in the light most favorable to plaintiff, the complaint states a claim under the FTCA based on alleged medical negligence by defendant's employees. See Burgess v. Superior Ct., 2 Cal. 4th 1064, 1077 (1992) (in a California medical malpractice suit, the plaintiff must show "(1) the duty of the professional to use such skill, prudence and diligence as other members of his profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent conduct and the resulting injury; and (4) actual loss or damage resulting from the professional's negligence.").

Before suing the government under the FTCA, "the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency." 28 U.S.C. § 2675(a). The complaint alleges plaintiff completed this process. Accordingly, by separate order, the undersigned will order that plaintiff fill out and return documents to the court in order to proceed on his claim for money damages under the FTCA.

### IV. Motion for a Preliminary Injunction

To the extent plaintiff seeks injunctive relief in connection with his tort claim, the court lacks jurisdiction under the FTCA to grant the relief. The FTCA makes the United States liable in money damages for the torts of its agents under specified conditions, but it does not submit the

---

Desarrollo Economico de Mexicali, A.C., 482 F.3d 1157, 1173 (9th Cir. 2007); Solida v. McKelvey, 820 F.3d 1090, 1094 (9th Cir. 2016) ("By definition, Bivens suits are individual capacity suits and thus cannot enjoin official government action.").

1  government to injunctive relief. See Westbay Steel, Inc. v. United States, 970 F.2d 648, 651 (9th
2  Cir.1992); Moon v. Takisaki, 501 F.2d 389, 390 (9th Cir. 1974). Accordingly, plaintiff's motion
3  for injunctive relief (ECF No. 5) should be denied.

4  **V.     Order and Recommendation**

5  In accordance with the above, IT IS HEREBY ORDERED as follows:

6  1. The Clerk of the Court shall assign a district judge to this case.

7  2. Plaintiff's request to proceed in forma pauperis (ECF No. 7) is GRANTED.

8  3. Plaintiff's request to correct the record (ECF No. 6) is GRANTED.

9  In addition, for the reasons set forth above, IT IS HEREBY RECOMMENDED that
10 plaintiff's motion for injunctive relief (ECF No. 5) be DENIED.

11 These findings and recommendations are submitted to the United States District Judge
12 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after
13 being served with these findings and recommendations, plaintiff may file written objections with
14 the court and serve a copy on all parties. Such a document should be captioned "Objections to
15 Magistrate Judge's Findings and Recommendations." Failure to file objections within the
16 specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d
17 1153 (9th Cir. 1991).

18 Dated: February 10, 2025

19 _____
   CAROLYN K. DELANEY
20 UNITED STATES MAGISTRATE JUDGE

22 8, fior0990.scrn.fr.mpi