UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL FIORITO, | No. 2:24-cv-0990 TLN CKD P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| UNITED STATES OF AMERICA., | |
| Defendant. | |

Plaintiff Michael Fiorito, an inmate in BOP custody, proceeds pro se with a claim under the Federal Tort Claims Act ("FTCA") against the United States of America. (ECF No. 1.) This case is referred to the undersigned by Local Rule 302. See 28 U.S.C. § 636(b)(1).

On February 10, 2025, the court screened plaintiff's complaint and determined for screening purposes that the complaint stated a claim under the FTCA. (ECF No. 10.) Plaintiff was ordered to complete documents and return them to the court for the purpose of serving the defendant. (Id.) Plaintiff requested and was granted an extension of time for this purpose. (ECF Nos. 12, 13.) On or about April 7, 2025, plaintiff submitted an incomplete USM-285 form with no service address, and without the required copies of the operative complaint. (See ECF No. 14.) Thereafter, the court provided plaintiff further forms and ordered plaintiff to submit the required documents, fully completed, within 30 days. (ECF No. 15.) The court warned plaintiff that failure to return the required forms and copies within the specified time period would result in a

1

recommendation that this case be dismissed. (Id. at 2.)

Plaintiff did not return the completed forms and required copies. Instead, plaintiff filed a motion requesting various relief including advice on how to complete the USM-285 form, for accommodations for disabilities, and for an extension of time. (ECF No. 16.) On May 7, 2025, the court denied plaintiff's request labeled as a request for accommodations for disabilities finding plaintiff did not establish that any specific accommodation was warranted for disabilities. (ECF No. 17 at 2.) The court denied plaintiff's request for instructions on how to complete the USM-285 form because the court does not give legal or procedural advice. (Id.) The court granted plaintiff an extension of time of 60 days from the date of that order to submit the documents necessary for the court to direct the United States Marshal to serve the defendant. (Id.) Plaintiff was informed that no further extensions of time for this purpose would be granted without a good cause showing based on circumstances outside of his control. (Id.)

The time granted for plaintiff to return the documents necessary for the court to direct the United States Marshal to serve the defendant has expired. Plaintiff has not complied with the court's May 7, 2025, order or otherwise responded to the May 7, 2025, order.

"District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. Thompson v. Housing Auth., City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. See, e.g., Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules). In determining whether to dismiss an action, the court considers several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

1    The court has considered the five factors set forth above. The first two factors strongly support dismissal of this case. Plaintiff's failure to comply with the court's May 7, 2025, order suggests plaintiff has abandoned this action. The third factor, prejudice to defendant from plaintiff's failure to oppose the motion, slightly favors dismissal. More than six months have passed since the court first ordered plaintiff to submit documents necessary for the United States Marshal to serve the United States of America. Plaintiff's failure to respond to the court has already caused delay of this action, and a presumption of injury to the defendant arises from unreasonable delay in prosecuting an action. <u>Anderson v. Air W.</u>, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor, public policy favoring disposition of cases on their merits, does not weigh in favor of dismissal as a sanction. However, the fifth factor favors dismissal. No less drastic sanction is appropriate under the circumstances, which include that plaintiff is indigent.

Considered together, the relevant factors weigh in favor of dismissing this case for plaintiff's failure to submit documents necessary for service and failure to prosecute.

In accordance with the above, IT IS HEREBY RECOMMENDED that this action be DISMISSED without prejudice based on plaintiff's failure to prosecute. <u>See</u> Fed. R. Civ. P. 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 18, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, fior0990.nousm.fr