UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL FIORITO,<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA, et al.,<br>Defendants. | No. 2:24-cv-0990-TLN-CKD P<br><br>ORDER AND<br>FINDINGS AND RECOMMENDATIONS |

Plaintiff Michael Fiorito filed this case while in prison in custody of the Bureau of Prisons ("BOP") and he proceeds pro se and in forma pauperis. This matter is referred to the undersigned by Local Rule 302. See 28 U.S.C. § 636(b)(1). Defendant United States of America moves to dismiss the complaint as time-barred. (ECF No. 28.) For the reasons set forth below, the motion to dismiss should be denied.

Also before the court are plaintiff's motion requesting disability accommodation and motion alternately requesting application of equitable tolling or an extension of time. (ECF Nos. 37, 38.) The undersigned will grant in part plaintiff's request for disability accommodation to the extent that the undersigned will use a larger print font for court orders. Otherwise, plaintiff's motions appear to be addressed to the court's determination whether he is entitled to equitable tolling,

as relevant to defendant's arguments in the pending motion to dismiss. Because the undersigned is recommending the motion to dismiss be denied, the undersigned will recommend plaintiff's further requests for relief in connection with the court's equitable tolling determination be denied as moot.

## BACKGROUND

Plaintiff's complaint alleges he was denied adequate medical care to treat his serious, ongoing, known, left hip damage while he was an inmate at FCI Herlong, causing further harm and injuries. (ECF No. 1 at 1-4.) He proceeds on a claim under the Federal Tort Claims Act ("FTCA").

On January 26, 2026, defendant filed the motion presently before the court. (ECF No. 28.) Plaintiff opposed the motion. (ECF No. 30.) Defendant filed a reply. (ECF No. 31.) Plaintiff then sought and was granted permission to file a supplemental brief in opposition to the motion to dismiss and filed a supplemental brief. (ECF No. 35.) Defendant filed a supplemental reply. (ECF No. 36.)

## APPLICABLE STANDARD

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). In ruling on a motion to dismiss brought under Rule 12(b)(6), the court may consider material properly submitted as part of the complaint and matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

## DISCUSSION

A lawsuit against the United States under the FTCA must be filed in federal district court within six months after the date of mailing of notice of final denial of the claim by the agency to which it was presented. 28 U.S.C. § 2401(b). The six-month limitations period is non-jurisdictional and is subject to equitable tolling. United States v. Wong, 575 U.S. 402, 405 (2015).

////

Here, BOP denied plaintiff's administrative tort claim by letter stamped September 1, 2023, sent by certified mail. (ECF No. 28-1 at 4.) The postmark is September 6, 2023. (Id. at 5.) The six-month period for plaintiff to file suit expired on March 6, 2024. This action was opened on April 2, 2024, almost four weeks after the six-month period expired. (ECF No. 1.)

In opposition to the motion to dismiss, plaintiff asserts he prepared his FTCA complaint on or about February 1, 2024, and delivered it to staff at his federally supervised VOA Residential Reentry Center ("RRC") "well before the filing deadline" and requested that it be mailed. (ECF No. 30 at 2-4.) Plaintiff argues he did not have independent access to a post office or the courthouse and that his medical conditions made timely, independent filing impossible. (Id. at 3-4, 9.)

Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." Kwai Fun Wong v. Beebe, 732 F.3d 1030, 1052 (9th Cir. 2013), aff'd and remanded sub nom. United States v. Wong, 575 U.S. 402 (2015). A "garden variety claim of excusable neglect," such as a simple miscalculation of a filing deadline, does not warrant equitable tolling. Kwai Fun Wong, 732 F.3d at 1052. Instead, a litigant must show extraordinary circumstances were the cause of the untimeliness and made it impossible to file the document on time. (Id.) Equitable tolling is typically granted when litigants are unable to file timely documents as a result of external circumstances beyond their direct control. (Id.)

First, plaintiff's general allegations about his "poor medical condition" do not constitute "the type of extraordinary circumstances that would trigger equitable tolling," particularly where he does not establish a direct connection between his alleged conditions and the delay in filing. See, e.g., Williams v. United States, No. 217CV03040ODWFFM, 2018 WL 1027395, at *4 (C.D. Cal. Feb. 21, 2018). Second, as to any mail delay, litigants may be responsible for ordinary delays in the

mail service, while "delays in mail lasting several months can constitute the type of extraordinary circumstances that would trigger equitable tolling." Cruz De Ortiz v. United States, No. 2:24-CV-06322-SVW-JPR, 2025 WL 1356932, at *3 (C.D. Cal. Feb. 28, 2025).

Defendant cites Gildon v. Bowen, 384 F.3d 883, 887 (7th Cir. 2004), as support for this court to conclude "no tolling [is warranted] when a corrections officer fails to deliver the prisoner's mail." (ECF No. 31 at 2.) That case is not persuasive here, though, because the Seventh Circuit in that case found the expirations period expired prior to the time it was alleged that corrections officers failed to deliver the mail at issue to the prisoner. See id.

Here, in contrast, plaintiff argues his FTCA complaint has an attached certificate of service signed under penalty of perjury corroborating his present assertion that he handed the pleading to prison staff for mailing well in advance of the filing deadline. (ECF No. 35 at 1.) Specifically, the certificate of service represents plaintiff did so on February 23, 2024, which was 12 days before the filing deadline. (ECF No. 1 at 6.) Based on plaintiff's present assertions and the certificate of service, the undersigned does not find persuasive the cases defendant advances where equitable tolling was denied because a litigant merely made a bare assertion of mail fraud or because the court found a lack of facts, documentation, or corroborating evidence. (See ECF No. 31 at 2-3.)

Moreover, plaintiff argues he is entitled to application of the prisoner mailbox rule. (ECF No. 30 at 10.) Under the "prison mailbox rule," a prisoner's pro se pleading is "deemed filed when he hands it over to prison authorities for mailing to the relevant court." Houston v. Lack, 487 U.S. 266, 276 (1988). Defendant does not directly address the prison mailbox rule.

In Garvey v. Vaughn, 993 F. 2d 776, 783 (11th Cir. 1993), the Eleventh Circuit held the prison mailbox rule applies to FTCA complaints to be filed in district court. See also Edwards v. United States, 266 F.3d 756, 758 (7th Cir. 2001)

(holding the mailbox rule applies to all prisoner district court filings, absent exceptional circumstances). The Ninth Circuit has cited Garvey and Edwards in extending the Houston mailbox rule to civil rights suits under 42 U.S.C. § 1983 filed by inmates. See Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009). The Ninth Circuit explained the rationales articulated by the Supreme Court in Houston for applying the mailbox rule to prisoners' notices of appeal apply strongly to § 1983 complaints:

> The prisoners are unable to control their complaints once they are delivered to prison officials. The prisoners lack the ability to monitor their mail and to determine whether it has been received by the court. Finally, and perhaps most important, prison officials have a particular incentive to delay the filing of § 1983 suits because many of them are brought against those very officials.

Id. In light of these authorities, the undersigned concludes the prison mailbox rule applies to the determination when plaintiff instituted this action under the FTCA.[1]

Defendant suggests that insofar as the court finds material facts are not readily ascertainable from the record, or if questions of credibility predominate, the court should hold an evidentiary hearing rather than simply denying the motion to dismiss. (ECF No. 31 at 4-5.) However, this is not a situation where the record lacks sufficient information to determine the timeliness of the claim. Cf. Watkins v. Mohan, 144 F.4th 926, 945 (7th Cir. 2025) (remanding for factual development regarding extraordinary circumstances constituting diligence where the record lacked enough information to conclude the litigant was not reasonably diligent during the periods that he was not in quarantine). In light of the certificate of service plaintiff signed under penalty of perjury indicating he handed his FTCA

---

[1] The "prison mailbox rule" is different from the "common law mail box rule" addressed in Vacek v. U.S. Postal Service, 447 F.3d 1248, 1251 (9th Cir. 2006), in which Ninth Circuit held the latter does not apply to FTCA claim presentment in the context of administrative exhaustion. See id. at 1252.

complaint to prison staff for mailing 12 days in advance of the district court filing deadline, and the lack of any specific evidence to the contrary, the court should find it was timely filed.

**ORDER AND RECOMMENDATION**

For the reasons set forth above, IT IS ORDERED that plaintiff's request for disability accommodation (ECF No. 37) is GRANTED in part to the extent that the undersigned will use a larger print font for court orders.

In addition, IT IS RECOMMENDED as follows:

1. Defendant's motion to dismiss (ECF No. 28) be denied.
2. Plaintiff's motion for disability accommodations and motion for an extension of time or, alternately, for equitable tolling (ECF Nos. 37, 38) be denied as moot to the extent they seek additional relief relevant to the court's determination whether plaintiff is entitled to equitable tolling.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven (7) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 11, 2026

Carolyn K. Delaney

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 fior0990.mtd